IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John B. Stevens,     Case No. 3:05CV7264

    Plaintiff

v.     ORDER

Toledo Police Dep't, et al.,

    Defendant

This is a pro se prisoner civil rights suit arising from the arrest and conviction of the plaintiff. His complaint names the City of Toledo, Ohio, Police Department and several officers and officials of that Department and the Lucas County, Ohio, Sheriff's Department and some of its officers and employees.

The gravamen of plaintiff's complaint is that he was pursued, arrested, beaten, charged, and convicted as a result of the unlawful acts of the City defendants, and he thereafter was denied adequate medical attention and care after being delivered to the Lucas County Jail.

Pending are the defendants' motions to dismiss. Also pending are plaintiff's motions for leave to file a second amended complaint (Doc. 18) and for sanctions. (Doc. 21).

For the reasons that follow, the defendants' motions to dismiss shall be granted in part and denied in part. The plaintiff's motions shall be denied.

**Discussion**

### 1. Motions to Dismiss

### A. Federal Claims

### (i). City of Toledo Defendants

In their motion to dismiss, the City defendants understandably focus on plaintiff's allegations under 42 U.S.C. § 1983 about the role of the defendants in his conviction as witnesses. Those allegations were the basis for plaintiff's contention that his rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments were violated. (Complaint, ¶¶ 54-56). As defendants properly point out, no cause of action arises under § 1983 against persons who were witnesses. *See, e.g., Briscoe v. LaHue*, 460 U.S. 325 (1983).

Plaintiff's recitation of the facts giving rise to this suit, and, most specifically, the facts he alleges about the lack of lawful cause to pursue, subdue, and arrest him, and the use of excessive force in doing so, coupled with his reference (albeit conclusory) in ¶ 56.A. of his complaint to the Fourth Amendment, justify denying the individual City defendants' motion to dismiss with regard to claimed violations of that Amendment.

Otherwise, the motion to dismiss the federal claims is well taken.

With regard to his claim of a denial of the right to remain silent, as protected by the Fifth Amendment, his complaint (¶ 56.B) is conclusory, and without a cross-reference to a recitation elsewhere about such denial.

With regard to his claim of a violation of Sixth Amendment rights, his claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court stated that a prisoner "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489.

Nothing has happened to undercut the plaintiff's conviction. To the extent that he would like to convert his § 1983 complaint into a habeas corpus petition under 28 U.S.C. § 2254, he manifestly cannot do so, as he has not exhausted his state court remedies.

To the extent that the plaintiff seeks to assert a claim under the Eighth Amendment for cruel and unusual punishment on the basis of the alleged use of excessive force during his arrest and thereafter, he cannot do so, as such claims arise only under the Fourth Amendment. *See, e.g., Graham v. Connor*, 490 U.S. 386, 394-95 (1989).

Plaintiff's claim of denial of the right to reasonable bail likewise does not give rise to a claim under § 1983 against the named defendants, because the determination of the amount of bail is a judicial, not a law enforcement function.

With regard to plaintiff's claim that his rights to due process and equal protection under the Fourteenth Amendment were violated, dismissal is likewise appropriate. Any due process violation is subsumed by the doctrine of *Heck, supra*. Plaintiff does not allege a factual basis for an equal protection claim, as he does not allege his alleged mistreatment was based on racial animus. *See, e.g.*, *Trevino v. Texas*, 503 U.S. 562 (1992).

Thus, the defendants' motion to dismiss the federal claims shall be granted, except to the extent that plaintiff alleges either an unlawful seizure or excessive use of force in derogation of his Fourth Amendment rights against the individual officer defendants.

To the extent that the plaintiff seeks to impose liability on either Command Officer defendants or the City of Toledo or its Police Department, his complaint fails to state a cause of action. He has sued such officers and entities solely on the basis of *respondeat superior*, which contravenes the doctrines of *Rizzo v. Goode,* 423 U.S. 362, 372 (1976), and *Monell v. Dep't of*

*Social Services*, 436 U.S. 658, 691 (1978).

Thus, the only federal claims plaintiff can pursue are against individual officers alleged to have been responsible for an unlawful seizure and/or excessive use of force in the course of his arrest. Otherwise, all his federal claims against the defendants shall be dismissed.

### (ii). Lucas County Defendants

The County defendants' motion to dismiss is, essentially, a "me-to" motion, which joins in the motion filed by the City defendants.

With regard to plaintiff's federal claims against the Lucas County defendants, I conclude that the only claims that survive dismissal are those that arise under the Eighth Amendment's Cruel and Unusual Punishment Clause based on the alleged failure of individual defendants (as outlined in ¶¶ 25 and 27-34 of the Complaint) to provide medical care and treatment.

Otherwise, plaintiff has failed to state claims under the Federal Constitution against the Lucas County defendants.

### B. State Claims

### (i). City of Toledo Defendants

The defendants contend that the plaintiff cannot assert his state claims because he has not complied with the requirements of O.R.C. § 2969.25. That section requires prisoner-plaintiffs suing governmental entities and their employees to file an affidavit regarding prior litigation and its outcome.

Plaintiff has not complied with the requirements of this section. The motion to dismiss the state claims as to all defendants (both City and County) is well taken.

### (ii). Lucas County Defendants

All state claims against the Lucas County defendants shall be dismissed for the same reasons that those claims against the City defendants are being dismissed: namely, failure to provide the affidavit required by § 2969.25.

### 2. Motion for Leave to File a Second Amended Complaint

Plaintiff's proposed second amended complaint seeks to assert claims against various additional officials and employees of Lucas County. Plaintiff claims the additional defendants failed, *inter alia*, to provide him with adequate medical care and treatment while in pre-trial custody in the Lucas County Jail and due process during the course of his prosecution.

I decline to allow the addition of these defendants and claims to this case. To the extent that plaintiff seeks to sue judicial officers, they are immune from suit. To the extent that he seeks to recover for allegedly inadequate medical care, such claims are already at issue in the pending complaint, and plaintiff's allegations relate to evidence, rather than new causes of action.

To the extent that plaintiff seeks to assert new state claims, or assert such claims against new defendants, he cannot do so in view of his failure to attach a § 2969.25 affidavit with respect to any such claims.

### 3. Plaintiff's Motion for Sanctions

Plaintiff claims to be entitled to sanctions under Fed. R. Civ. P. 11 on the basis of improper filing of pleadings (i.e., the defendants' motions to dismiss). As those motions have, in large part, been granted, there is no basis for awarding sanctions for their filing.

### Conclusion

In light of the foregoing, it is

ORDERED THAT:

1. The Motion to Dismiss of the City Defendants (Doc. 13) be, and the same is granted, except for claims arising under the Fourth Amendment against individual officers;

2. The Motion to Dismiss of the County Defendants (Doc. 16) be, and the same hereby is granted, except with regard to claims arising under the Eighth Amendment for failure to provide medical care and treatment;

3. Plaintiff's Motion for Sanctions (Doc. 21) be, and the same hereby is denied; and

4. Leave be, and the same hereby is granted to the defendants to file motions for summary judgment on or before March 1, 2006; plaintiff's opposition to be filed by May 1, 2006; defendants' reply to be filed by May 15, 2006; further scheduling held in abeyance pending adjudication of summary judgment motions.

So ordered.

>s/James G. Carr
>James G. Carr
>Chief Judge