IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John B. Stevens,　　　　　　　　　　　　　　　　　　Case No. 3:05CV7264

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　ORDER

Toledo Police Department, *et al.*,

　　　　Defendants.


John B. Stevens filed a claim against James A. Telb, the Lucas County, Ohio, Sheriff; Deputies Johnson, Kish, and Secor, of the Lucas County Correction Center (deputies); and the Lucas County Sheriff's Department (collectively the Lucas County Defendants) pursuant to 42 U.S.C. § 1983. Stevens claims a violation of his Eighth Amendment rights by a delay of medical treatment. This court has jurisdiction over the claim pursuant to 28 U.S.C. § 1331.

The Lucas County Defendants have moved for summary judgment. For the following reasons, the motion will be granted.

**Background**

On May 5, 2003, at 4:00 p.m., Toledo Police officers arrested Stevens for buying cocaine, failing to comply with a police officer, and resisting arrest. They transported him to the Lucas County jail, where they booked him at approximately 4:48 p.m. During his stay, Stevens complained of pain in his neck and elbow and blood in his urine. At 11:00 p.m., the Lucas County Corrections Center medical staff sent Stevens to the St. Vincent's Hospital emergency room for treatment.

**Discussion**

**I. Sheriff and Deputy Defendants**

The Sheriff and deputies claim that they are entitled to qualified immunity. Qualified immunity protects public officials, including police officers, from civil liability while performing discretionary functions, unless their conduct violates a right clearly established at the time of the alleged violation. *Washington v. Newsom*, 977 F.2d 991, 993 (6th Cir. 1992) (citing *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982))).

Qualified immunity requires a two-part test. *Owensby v. City of Cincinnati*, 414 F.3d 596, 602 (6th Cir. 2005). First, the facts, viewed in the light most favorable to the plaintiff, must demonstrate that the defendant's conduct violated a constitutional right. *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). A claim which does not show violation of a constitutional right fails. *Id.* If plaintiff sufficiently alleges a constitutional violation, defendant may be entitled to qualified immunity if the constitutional right was not clearly established when the violation occurred. *Id.*

In other words, defendants will only be held responsible if their alleged conduct violated Stevens's rights in such a way that a reasonable officer would have known the conduct to be unconstitutional. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *Washington*, 977 F.2d at 994.

**A. Constitutional Violation**

Deliberate indifference to a prisoner's manifest medical needs violates the Eighth Amendment prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In the case of a medical need "'so obvious that even a layperson would easily recognize the necessity for a doctor's attention,'" the plaintiff does not have to present medical evidence

establishing a detrimental effect from delay in providing medical care. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004) (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990)). Thus, to establish a constitutional claim for delay of medical attention, either the injury must be obvious to a layperson, or a plaintiff must present medical evidence that the delay worsened the condition.

### 1. Sufficiently Obvious

When the Lucas County Corrections Center booked Stevens into custody, the booking officer performed a brief visual assessment of his condition. The officer reported no obvious pain or injury and that Stevens was conscious at that time. After Stevens developed obvious signs of the need for medical attention, and complained to the prison medical staff, the prison transferred him to the hospital for medical treatment. Thus, Stevens does not demonstrate that his injury obviously needed attention before he received medical attention.

### 2. Verifying Medical Evidence

Because his medical need was not sufficiently obvious, Stevens must present medical evidence demonstrating the detrimental effect of the delay in tending to his medical needs. Stevens, however, objects to any use of his medical records. Accordingly, he cannot establish sufficient detrimental effect to sustain his claim.

Thus, Stevens's claim against the Sheriff and the deputies for delay of medical treatment is not sufficiently supported. His claim of a constitutional violation fails and there is no need to proceed with the second step of the qualified immunity inquiry.

### II. Lucas County Sheriff's Department

Local government units can be sued under § 1983. *Monell v. Dept. of Social Servs. of the*

*City of New York*, 436 U.S. 658, 690 (1978). A claim against a governmental entity must be based on an official policy, be it formally adopted or simply a custom, leading to the constitutional injury. *Id.* at 691.

Though the Lucas County Sheriff's Department may be sued via § 1983, Stevens fails to meet his burden of proof for such a suit. He points to no policy or custom which would violate his Eighth Amendment rights.

Further, as stated above, neither the Sheriff nor the deputies violated Stevens's rights. Because no member of the Lucas County Sheriff's Department violated his rights, Stevens has no grounds for a claim.

## Conclusion

In light of the foregoing, it is

ORDERED THAT the defendants' motion for summary judgment be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge