IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John B. Stevens,                                               Case No. 3:05CV7264

               Plaintiff

v.                                                         ORDER

Toledo Police Department, et al., ,

               Defendant

This is a civil rights case in which the plaintiff alleges that officers of the Toledo, Ohio, Police Department used excessive force and deputies of the Lucas County, Ohio, Sheriff's Department were deliberately indifferent to his need for treatment for the injuries inflicted by the arresting Toledo officers.

Plaintiff initially filed this suit with counsel. Counsel later withdrew. Plaintiff proceeded *pro se*. A motion by the Toledo defendants to dismiss was granted in part and denied in part, with the officers alleged to have used excessive force remaining in the case. A motion by the Lucas County defendants for summary judgment was granted.

The remaining Toledo defendants filed a motion for summary judgment. At my request, David Zoll, Esq., agreed to accept assignment *pro bono* as plaintiff's counsel. He was granted leave to file an amended complaint. He filed plaintiff's fourth amended complaint, in which Lucas County

defendants, who had previously been dismissed on summary judgment, were named. In addition, the fourth amended complaint named Deputy Craig Barth in place of previously unnamed defendants John Does 1-100.

Counsel recently notified the court that the plaintiff's claims as to all defendants except defendant Barth have settled. Pending is his motion to dismiss. [Doc 129].

Barth seeks dismissal on the basis that prevailing precedent precludes addition of a newly identified, and thus newly named defendant in place of an unnamed John Doe after the expiration of the statute of limitations. He is correct. Rule 15(c)(3) of the Federal Rules of Civil Procedure permits correction of misnomers without regard to the statute of limitations, but it does not allow the naming of new parties. *E.g.*, *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1450 (6th Cir. 1991).

The naming of a John Doe defendant does not toll the statute of limitations. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). Thus, the inclusion of a named defendant in place of a John Doe defendant does not relate back to the date of the original filing of the John Doe complaint. *Id*.

Confronted with these firmly established doctrines, plaintiff asks this court to deem defendant Barth to have been on constructive notice of the suit, or apply principles of equitable tolling to bring maintain the claims against him.

I decline to do so, because doing so would open a loophole in the bulwark established by the doctrine that it is not enough to name a John Doe to stop the statute of limitations from running, or to permit relation back once plaintiff has learned the identity of the unidentified defendant. The loophole would widen when and if counsel allowed themselves to become dilatory in their initial

investigation and discovery practices. This would foster and encourage the proliferation of stale claims and lead, in time, to complete erosion of the doctrine.

I do not mean to suggest that counsel, who accepted this case *pro bono*, and who, through settlement, clearly served his client well, had such unwelcome consequences in mind, or sought to accomplish them. Indeed, his efforts to overcome the barrier of the doctrine on which I rely are commendable, and confirm his willingness to represent his client zealously and imaginatively reflect well on him and his dedication to the obligations resulting from acceptance of *pro bono* assignment in this case.

Nonetheless, it is hereby

ORDERED THAT defendant Barth's motion to dismiss [Doc. 129] be, and the same hereby is granted.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge