IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John B. Stevens,                                                Case No. 3:05CV7264

        Plaintiff

    v.                                                          ORDER

Toledo Police Department, et al.,

        Defendant

      This is a civil rights suit resulting from the plaintiff's 2003 arrest by officers of the Toledo Police Department (TPD). The defendant TPD officers, their superiors and the Department have previously been dismissed. Remaining defendants are members of the Lucas County Sheriff's Department (LCSD), including the Sheriff. Pending is their motion for summary judgment [Doc. 150], which shall be granted.

      There is no dispute that the arresting officers used force during the arrest, and that plaintiff suffered a variety of injuries, including facial cuts and abrasions, cervical sprain and blood in his urine. The gravamen of his complaint against the LCSD defendants is that they engaged in a conspiracy to conceal the extent of the plaintiff's injuries and were deliberately indifferent to his medical needs.

The essential facts, which are either undisputed or will be viewed in the light most favorable to the plaintiff, are:

- TPD officers observed, pursued and forcibly arrested the plaintiff on May 23, 2003, at about 4 p.m.;
- During the arrest, officers forced him to the ground, scraping, abrading and cutting his face, among other injuries;
- Following plaintiff's arrest, TPD officers took him to the Lucas County Jail; he was booked into the jail at about 11:23 p.m.
- When booking the plaintiff, LCSD deputies neither took a booking photo nor provided medical care;
- At 8:45 a.m. the following morning, plaintiff reported to a nurse that he was experiencing neck pain and blood in his urine;
- Deputies took plaintiff to St. Vincent's Hospital, where medical personnel saw, evaluated and treated him at about 12:20 a.m. on May 26, 2003;
- The hospital discharged the plaintiff at 6:25 a.m.
- LCSD medical staff saw the plaintiff that evening at 7:50 p.m. and the following day;
- Plaintiff did not receive, and does not contend that he should have received any further medical attention for his arrest-related injuries.

With regard to plaintiff's claim of inadequate attention to his medical needs, the record, as recited above, indicates that the defendants were not deliberately indifferent to any serious medical need on plaintiff's part. Aside from blood in plaintiff's urine, of which no defendant was aware until the morning after he arrived at the jail, defendants had no reason to believe that plaintiff had any serious medical needs.

The Constitution does not require attention to all medical needs; nor does it give rise to a suit under 42 U.S.C. § 1983 for mere medical malpractice. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Maltreatment gives rise to liability only where authorities are deliberately indifferent to an inmate's serious medical needs. *Id*.

There was no such indifference here. Once the need for treatment was manifest, plaintiff obtained it. From all that appears in the record, the medical attention he received was modest, his recovery was complete and he has no lasting medical impairments.

That leaves the issue of the alleged conspiratorial cover-up following the forcible arrest. Plaintiff argues that failure to take a routine booking photo was part of the alleged conspiracy.

Plaintiff's contentions are, at bottom, speculative and unsupported. As defendants argue, plaintiff has not shown that failure to record an arrestee's appearance on his arrival at the jail offends any aspect of the Constitution.

What matters is whether the plaintiff suffered significant injuries at the hands of the Toledo officers. He has not shown that his injuries were other than *de minimus*. That being so, the lack of a photo depicting his post-arrest appearance is likewise of *de minimus* constitutional significance.

Were the circumstances otherwise, medical records detailing serious injuries needing significant treatment would provide more probative proof than a picture of an abraded physiognomy. Plaintiff has not shown that those who treated him at St. Vincent's saw anything suggestive of severe, much less permanent facial injuries.

Plaintiff has shown no misconduct of constitutional dimension. The defendants are entitled to summary judgment.

The efforts of *pro bono* assigned counsel, David Zoll, Esq., and those in his office who worked vigorously to persuade me otherwise is worthy not just of acknowledgment, but commendation, which I am pleased herewith to note.

It is, therefore

ORDERED THAT defendants' motion for summary judgment [Doc. 150] be, and the same hereby is granted.

So ordered.

s/James G. Carr  
United States District Judge